Matter of Sanchez v US Concrete (2021 NY Slip Op 03230)





Matter of Sanchez v US Concrete


2021 NY Slip Op 03230


Decided on May 20, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 20, 2021

530941
[*1]In the Matter of the Claim of Nancy Sanchez, Respondent- Appellant,
v
US Concrete et al., Appellants- Respondents. Workers' Compensation Board, Respondent.

Calendar Date:April 21, 2021

Before:Lynch, J.P., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ.

LOIS LLC, New York City (Addison O'Donnell of counsel), for appellants-respondents.
The Perecman Firm, PLLC, New York City (Edward Guldi of counsel), for respondent-appellant.
Letitia James, Attorney General, New York City (Nina M. Sas of counsel), for respondent.



Reynolds Fitzgerald, J.
Cross appeals from a decision of the Workers' Compensation Board, filed January 13, 2020, which ruled, among other things, that claimant did not violate Workers' Compensation Law § 114-a.
Claimant filed an application for workers' compensation benefits citing work-related injuries to her abdomen, back and neck stemming from an incident at work in August 2017. Her claim was thereafter established for an aggravation of an abdominal injury and later amended to include injuries to her back and neck and consequential major depression disorder.
In February 2019, the employer's workers' compensation carrier raised the issue of claimant's violation of Workers' Compensation Law § 114-a. Following a hearing, in a decision filed July 15, 2019, a Workers' Compensation Law Judge (hereinafter WCLJ) found that claimant had violated Workers' Compensation Law § 114-a by not fully disclosing her medical history regarding her neck and back. The WCLJ further found that only the mandatory penalties would be imposed and that the award periods for the abdomen injury and psychological disorder were not affected by the Workers' Compensation Law § 114-a violation. The WCLJ continued the case by scheduling a hearing to address the mandatory penalties, other alleged injury sites and claimant's average weekly wage. Claimant's counsel applied for administrative review of this decision by the Workers' Compensation Board.
While that application for Board review was pending, the hearing scheduled by the WCLJ was held. At its conclusion, in a decision filed on October 1, 2019, the WCLJ amended the claim to include a work-related injury to the left knee, set claimant's average weekly wage at $809.65 and directed the carrier to discontinue making payments as a result of the prior finding of a Workers' Compensation Law § 114-a violation. Claimant's counsel filed an application for Board review of this decision as well, using form RB-89. The carrier filed a rebuttal in which, among other things, it requested that the Board deny the application for review because the affirmation of the proof of service on the RB-89 form was defective.
In a decision rendered on the administrative appeals of both WCLJ decisions, the Board modified the July 2019 decision by rescinding the WCLJ's finding of a Workers' Compensation Law § 114-a violation. The Board denied claimant's appeal of the October 2019 WCLJ decision based upon a failure to provide proof of timely service of the application on the necessary parties on the RB-89 form. However, insofar as the Board had rescinded the finding of a Workers' Compensation Law § 114-a violation in the July 2019 WCLJ decision, the Board exercised its continuing jurisdiction pursuant to Workers' Compensation Law § 123 to modify the October 2019 WCLJ decision by rescinding the direction that the carrier discontinue making payments as the result of the prior finding of a Workers' Compensation Law § 114-a violation and ordered that the payments continue[*2]. The employer, the carrier and the third-party administrator (hereinafter collectively referred to as the carrier) appeal and claimant cross appeals.
The carrier challenges the Board's determination that claimant did not violate Workers' Compensation Law § 114-a.[FN1] Workers' Compensation Law § 114—a (1) provides that a claimant who, for the purpose of obtaining workers' compensation benefits, "knowingly makes a false statement or representation as to a material fact . . . shall be disqualified from receiving any compensation directly attributable to such false statement or representation" (Matter of Roberts v Eastman Kodak Co., 185 AD3d 1124, 1125 [2020]; see also Matter of Losurdo v Asbestos Free, 1 NY3d 258, 265 [2003]). "[A]n omission of material information may constitute a knowing false statement or misrepresentation" (Matter of Kodra v Mondelez Intl., Inc. 145 AD3d 1131, 1133 [2016]; accord Matter of Conliffe v Darden Rest., 187 AD3d 1398, 1399 [2020]). "Whether a claimant has violated Workers' Compensation Law § 114—a is within the province of the Board, which is the sole arbiter of witness credibility, and its decision will not be disturbed if supported by substantial evidence" (Matter of Bennett v J-Track LLC, 182 AD3d 967, 969 [2020] [internal quotation marks and citations omitted]; accord Matter of Barros v John P. Picone, Inc., 188 AD3d 1397, 1399 [2020]).
The carrier contends that claimant violated Workers' Compensation Law § 114-a by failing to disclose several prior motor vehicle accidents from 1999 to 2014 that involved injuries to claimant's neck and back. The Board noted, however, that claimant disclosed that she had suffered previous injuries to those sites in her application for benefits and had informed medical providers that she had been involved in prior motor vehicle accidents and a slip and fall accident that resulted in injuries to those sites. Although claimant did not disclose the extent of those injuries or the number of prior motor vehicle accidents, the Board credited her testimony that she could not recall many of the accidents, finding that such testimony was reasonable due to their remoteness in time. In light of claimant's disclosures and deferring to the Board's credibility assessment (see Matter of Quigley v Concern for Ind. Living, 146 AD3d 1185, 1186 [2017]), we conclude that substantial evidence supports the Board's determination that claimant did not knowingly misrepresent material facts in violation of Workers' Compensation Law § 114-a (see Matter of Sidiropoulos v Nassau Intercounty Express, 178 AD3d 1266, 1268 [2019]; Matter of Rosario v Consolidated Edison Co. of N.Y. Inc., 174 AD3d 1186, 1188-1189 [2019]).
Claimant contends that the Board abused its discretion in denying consideration of her application to review the WCLJ's October 2019 decision. We disagree. "It is well settled that the Board has the authority to adopt reasonable rules consistent with and supplemental to the provisions of [*3]the Workers' Compensation Law and that the Chair of the Board may make reasonable regulations consistent with the provisions of the statutory framework" (Matter of Griego v Mr Bult's, Inc., 188 AD3d 1429, 1430 [2020] [internal quotation marks and citations omitted]; see Workers' Compensation Law § 117 [1]). Pursuant thereto, "an application to the Board for administrative review of a decision by a [WCLJ] shall be in the format as prescribed by the Chair [of the Board]" (12 NYCRR 300.13 [b] [1]). Further, "[t]he Chair of the Board has designated forms RB-89, Application for Board Review, and RB-89.1, Rebuttal of Application for Board Review, as the prescribed format for applications and rebuttals" (Matter of Waufle v Chittenden, 167 AD3d 1135, 1136 [2018]; accordMatter of Connors v Yonkers Contr. Co., 189 AD3d 1870, 1871 [2020]). "Where a party, other than an unrepresented claimant, seeks Board review of a WCLJ decision, the Board may deny that application if it does not comply with the prescribed formatting, completion and service submission requirements" (Matter of Pacheco v Fedcap, 181 AD3d 1119, 1120 [2020] [citation omitted]; seeMatter of Currie v Rist Transp. Ltd., 181 AD3d 1121, 1122-1123 [2020]). As relevant here, the Board may deny an application for review when "the appellant fails to supply proper proof of timely service upon a necessary party" (12 NYCRR 300.13 [b] [4] [iv]).
The record reflects that on claimant's RB-89 form filed with the Board, "the affirmation of filing and service was defective in that it was not signed" (Matter of Levine v Health First [HF Mgt. Servs. LLC], 147 AD3d 1193, 1194 [2017]; see 12 NYCRR 300.13 [b] [4] [iv]). As such, the Board acted within its discretion in denying claimant's application to review the WCLJ's October 2019 decision and the Board's decision will not be disturbed (see Matter of Levine v Health First [HF Mgt. Servs. LLC], 147 AD3d at 1195; 12 NYCRR 300.13 [b] [4] [iv]). Despite the Board's denial of claimant's application to review the WCLJ's October 2019 decision, "[i]t is well settled that the Board has continuing power and jurisdiction over each claim, and it may in its discretion modify or change an award as in its opinion may be just" (Matter of Jones v Burrell Orchards, Inc., 184 AD3d 919, 921 [2020] [internal quotation marks and citations omitted]; see Workers' Compensation Law § 123; Matter of Mundy v Verizon N.Y., Inc., 178 AD3d 1178, 1180-1181 [2019]). As such, and in light of the Board's recission of that portion of the WCLJ's July 2019 decision that found a Workers' Compensation Law § 114-a violation, we reject the carrier's contention that the Board abused its discretion in rescinding that portion of the WCLJ's October 2019 decision that directed the carrier to discontinue benefit payments based upon the prior finding of a Workers' Compensation Law § 114-a violation (see Matter of Dallas v Consolidated Edison, 27 AD3d 907, 908 [2006]).
Lynch, J.P., Clark, Aarons and Pritzker[*4], JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: To the extent that the carrier argues that the Board should not have addressed the WCLJ's finding of a Workers' Compensation Law § 114-a violation, the record reflects that claimant filed a timely application for review of that WCLJ decision and the carrier has not challenged the propriety of that application. Accordingly, the issue was properly before the Board (see Matter of Howard v Stature Elec., Inc., 72 AD3d 1167, 1169 [2010], affd 20 NY3d 522 [2013]).