Matter of Spinelli v Cricket Val. Energy Ctr. (2022 NY Slip Op 04077)

Matter of Spinelli v Cricket Val. Energy Ctr.

2022 NY Slip Op 04077

Decided on June 23, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 23, 2022

533829
[*1]In the Matter of the Claim of Michael Spinelli, Claimant,
v
Cricket Valley Energy Center, Respondent, and American Zurich Insurance Company, Appellant. Workers' Compensation Board, Respondent.

Calendar Date:May 26, 2022

Before:Garry, P.J., Lynch, Aarons, Reynolds Fitzgerald and Ceresia, JJ.

Law Firm of Mary J. Mraz, Albany (Mary J. Mraz of counsel), for appellant.
Letitia James, Attorney General, New York City (Nina M. Sas of counsel), for Workers' Compensation Board, respondent.

Lynch, J.
Appeal from a decision of the Workers' Compensation Board, filed December 1, 2020, which ruled that claimant did not violate Workers' Compensation Law § 114-a.
In February 2019, claimant was injured when a piece of plywood he was handing to a coworker fell, striking claimant's right shoulder and forearm. Claimant thereafter established a workers' compensation claim for injuries to his right shoulder, neck and right forearm, as well as a consequential injury to his left shoulder, and he was awarded benefits. In May 2020, the employer's workers' compensation carrier raised the issue of claimant's violation of Workers' Compensation Law § 114-a, but declined to make any offer of proof at that time. Following a hearing, the Workers' Compensation Law Judge, among other things, found that there was a violation in that claimant misrepresented material facts by failing to disclose prior injuries, and imposed mandatory and discretionary penalties. Upon review, however, the Workers' Compensation Board rescinded that part of the Workers' Compensation Law Judge's decision finding a violation of Workers Compensation Law § 114-a and imposing penalties. The carrier appeals.
We affirm. Workers' Compensation Law § 114-a (1) provides that a claimant will be disqualified from receiving workers' compensation benefits "[i]f for the purpose of obtaining compensation . . . , or for the purpose of influencing any determination regarding any such payment, [he or she] knowingly makes a false statement or representation as to a material fact" (see Matter of Reyes v H & L Iron Works Corp., 203 AD3d 1426, 1426-1427 [2022]). "An omission of material information may constitute a knowing false statement or misrepresentation" (Matter of Sanchez v US Concrete, 194 AD3d 1287, 1288 [2021] [internal quotation marks, brackets and citations omitted]; see Matter of Ortiz v Calvin Maintenance, 199 AD3d 1211, 1212 [2021]). "Whether a claimant has violated Workers' Compensation Law § 114-a is within the province of the Board, which is the sole arbiter of witness credibility, and its decision will not be disturbed if supported by substantial evidence" (Matter of Sanchez v US Concrete, 194 AD3d at 1288 [internal quotation marks and citations omitted]; see Matter of McGee v Johnson Equip. Sales & Serv., 184 AD3d 935, 937 [2020]).
Here, claimant reported to the doctors that his past medical history included left knee surgery and a broken right wrist, but he denied having prior pain or problems with his right shoulder, right forearm or neck. When questioned about various right shoulder and neck injuries sustained at work in 2016, in two motor vehicle accidents in 2015 and 2010 and a falling incident at home in 2011, claimant testified that he, for the most part, did not recall such injuries. Even if those injuries involved diagnostic tests being conducted, such as X rays and CT scans, he explained that there was "nothing significant" and he continued working without any problems[*2]. Claimant explained that he considered an injury to require damage that results in surgery, physical therapy or some other follow-up treatment, which was not the case with any of the prior injuries. As the Board found claimant's explanation plausible as to why he did not disclose the prior injuries, substantial evidence supports the Board's decision that claimant did not violate Workers' Compensation Law § 114-a, and its decision will not be disturbed (see Matter of Sanchez v US Concrete, 194 AD3d at 1289; Matter of Snyder v Cring, 140 AD3d 1554, 1555 [2016]; Matter of Monroe v Town of Chester, 42 AD3d 862, 864-865 [2007]). We find the carrier's remaining contentions unpersuasive.
Garry, P.J., Aarons, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the decision is affirmed, without costs.