Matter of Sausto v Wildlife Conservation Socy. (2022 NY Slip Op 05362)

Matter of Sausto v Wildlife Conservation Socy.

2022 NY Slip Op 05362

Decided on September 29, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 29, 2022

533961
[*1]In the Matter of the Claim of Frank P. Sausto, Respondent,
v
Wildlife Conservation Society et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:September 12, 2022

Before:Egan Jr., J.P., Pritzker, Reynolds Fitzgerald, Ceresia and Fisher, JJ.

Bedoya & Hussain Law Firm, LLC, New York City (Steven Bedoya of counsel), for appellants.
Rella & Associates, PC, Sleepy Hollow (Zachary E. Ankier of counsel), for Frank P. Sausto, respondent.
Letitia James, Attorney General, New York City (Donya Fernandez of counsel), for Workers' Compensation Board, respondent.

Ceresia, J.
Appeal from a decision of the Workers' Compensation Board, filed February 5, 2021, which ruled, among other things, that claimant violated Workers' Compensation Law § 114-a and imposed a penalty.
Claimant was injured on April 12, 2019 while working as a plumber, and his claim for a left shoulder injury was later established. He was awarded workers' compensation benefits at a total disability rate from November 2, 2019 to December 3, 2019, then at a partial disability rate from December 3, 2019 to January 27, 2020 and, after his January 27, 2020 surgery, at a total disability rate. Claimant filed a request for further action in May 2020 based upon his concurrent employment, and applied for an increase in benefits, submitting PayPal logs showing his receipt of payments to FS Blades, a business in which he crafts and sells custom knives. The employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) raised the issue of whether claimant had made material misrepresentations related to his work activities and physical abilities with regard to FS Blades, while being paid at a total disability rate, in violation of Workers' Compensation Law § 114-a (1). A hearing was held, at which claimant testified regarding his activities in connection with FS Blades, and the carrier thereafter submitted an investigative report concerning social media accounts associated with FS Blades.
A Workers' Compensation Law Judge (hereinafter WCLJ) found that claimant violated Workers' Compensation Law § 114-a (1) by virtue of his work activities with FS Blades during 2019 and 2020. The WCLJ imposed a mandatory penalty of disqualification from benefits for the period of November 2, 2019 through October 2, 2020 and a discretionary penalty of disqualification from future benefits. On claimant's appeal, the Workers' Compensation Board agreed that claimant had made material misrepresentations in violation of Workers' Compensation Law § 114-a (1) by testifying in May 2020 that he had not performed any work since November 2, 2019 and telling the carrier's medical consultant on December 3, 2019 that he had stopped working, when claimant's later testimony established that he had continued to perform work for FS Blades during that period. However, the Board modified the WCLJ's decision by imposing a mandatory penalty disqualifying claimant from benefits only for the period of November 2, 2019 through December 3, 2019 and found that a discretionary penalty was not warranted. The carrier appeals.
We affirm. "[A] claimant who, for the purpose of obtaining disability compensation, or to influence any determination related to the payment thereof, 'knowingly makes a false statement or representation as to a material fact shall be disqualified from receiving any compensation directly attributable to such false statement or representation'" (Matter of Galeano v International Shoppes, 171 AD3d 1416, 1417-1418 [3d Dept 2019] [ellipsis omitted], quoting [*2]Workers' Compensation Law § 114-a [1]; accord Matter of Strohschein v Safespan Platform Sys. Inc., 207 AD3d 818, 819-820 [3d Dept 2022]). "[A] fact is material for purposes of section 114-a (1) so long as it is significant or essential to the issue or matter at hand [and,] therefore, a false statement need not affect the dollar value of an award to be material within the meaning of section 114-a (1)" (Matter of Losurdo v Asbestos Free, 1 NY3d 258, 265 [2003] [internal quotation marks and citation omitted]). "Whether a claimant has violated Workers' Compensation Law § 114-a is within the province of the Board, which is the sole arbiter of witness credibility, and its decision will not be disturbed if supported by substantial evidence" (Matter of Spinelli v Cricket Val. Energy Ctr., 206 AD3d 1427, 1427 [3d Dept 2022] [internal quotation marks and citations omitted]).
The record fully supports the Board's finding that claimant violated Workers' Compensation Law § 114-a (1) by materially misrepresenting and failing to disclose at an earlier time his activities on behalf of FS Blades and representing that he had not performed any work during the relevant time period of November 2, 2019 through December 3, 2019. In that regard, claimant testified that, after he was advised that he might need surgery, he spent that period of time shipping out already completed, prepaid orders for FS Blades, emailing customers whose orders he could not complete and shutting down the website to further orders. The record supports the Board's factual finding that there was no evidence that claimant completed any sales or manufactured any products after that time interval. With regard to the carrier's primary contention that claimant continued to perform work on behalf of FS Blades after that period and through 2020, the Board credited claimant's testimony in concluding that his "minimal social media presence . . . on behalf of FS Blades from November of 2019 forward did not represent work on behalf of FS Blades." Although a different inference could have been drawn from that testimony and the documentary evidence, under settled law, "the Board has broad authority to resolve factual issues based on credibility of witnesses and draw any reasonable inference from the evidence in the record" (Matter of McGee v Johnson Equip. Sales & Serv., 184 AD3d 935, 936 [3d Dept 2020] [internal quotation marks and citation omitted]; see Matter of Pereira-Jersey v Rockland Community Coll., 151 AD3d 1154, 1155-1156 [3d Dept 2017]). The Board's conclusion that claimant's social media activities did not amount to work on behalf of FS Blades was a reasonable inference and will not be disturbed (see Matter of Nikac v Joal Rest. Corp., 187 AD3d 1280, 1281-1282 [3d Dept 2020]; compare Matter of Giglia v SUNY Buffalo-Union, 204 AD3d 1287, 1288 [3d Dept 2022]).
Turning to the carrier's contention that the Board should have imposed the discretionary penalty of permanently disqualifying claimant from [*3]receiving future benefits, "[j]udicial review of the penalty imposed by the Board is limited to whether such penalty constitutes an abuse of discretion as a matter of law, i.e., whether the penalty imposed is so disproportionate to the offense as to be shocking to one's sense of fairness" (Matter of Dunleavy v Federated Fire Protection [Turner Constr.], 192 AD3d 1303, 1306 [3d Dept 2021]). Notably, "[p]ermanent disqualification typically occurs where the underlying deception has been deemed egregious or severe, or there was a lack of mitigating circumstances" (id. [internal quotation marks and citations omitted]). The Board found that a discretionary penalty was not warranted in that claimant disclosed the existence of his business and the income derived therefrom and, when questioned, he was forthcoming and testified consistent with the conclusions reached in the carrier's investigative report. Upon review of the record and his testimony, "we cannot say that claimant's conduct was so egregious, flagrant or pervasive as to compel the Board to permanently disqualify him from receiving benefits" (id.). As the Board explained its reasons, which are supported by the record, we cannot conclude that its leniency constituted an abuse of discretion as a matter of law, and its decision not to impose a discretionary penalty will not be overturned (see id.; Matter of Restrepo v Plaza Motors of Brooklyn Inc., 181 AD3d 1108, 1111 [3d Dept 2020]). The carrier's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Egan Jr., J.P., Pritzker, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the decision is affirmed, with costs to claimant.