Matter of Belfiore v Penske Logistics LLC (2022 NY Slip Op 05575)

Matter of Belfiore v Penske Logistics LLC

2022 NY Slip Op 05575

Decided on October 6, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 6, 2022

534617
[*1]In the Matter of the Claim of Wayne Charles Belfiore, Claimant,
v
Penske Logistics LLC et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:September 14, 2022

Before:Garry, P.J., Lynch, Aarons, Pritzker and McShan, JJ.

Goldberg Segalla, Buffalo (James M. Specyal of counsel), for appellants.
Letitia James, Attorney General, New York City (Marjorie S. Leff of counsel), for respondent.

McShan, J.
Appeal from a decision of the Workers' Compensation Board, filed July 1, 2021, which ruled, among other things, that claimant did not violate Workers' Compensation Law § 114-a.
On February 25, 2020, claimant, a hospital delivery driver, sustained head and traumatic brain injuries from a fall while unloading material from a truck at work and subsequently applied for workers' compensation benefits. The employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) controverted the claim, contending, among other things, that the fall resulted from claimant's preexisting medical condition and was not causally-related to his work. Various hearings ensued. At a hearing in August 2020, at which the carrier did not appear, the Workers' Compensation Law Judge (hereinafter WCLJ), relying on the findings contained within the report of the physician who performed an independent medical examination (hereinafter IME), established the claim for an injury to claimant's head and for a subdural hemorrhage, a subarachnoid hemorrhage, an intraparenchymal hemorrhage, multiple skull fractures and a right posterior parietal scalp hematoma. The Workers' Compensation Board, by decision filed December 11, 2020, denied the carrier's subsequent application for Board review, and that determination was affirmed upon appeal to this Court (203 AD3d 1431 [3d Dept 2022]).
The carrier also raised the issue of a Workers' Compensation Law § 114-a violation, alleging that claimant intentionally misrepresented his medical history during his testimony and during the IME. Following hearings on that issue, the WCLJ, among other things, found insufficient evidence that claimant knowingly made material misrepresentations to obtain benefits. By decision filed July 1, 2021, the Board affirmed the WCLJ's decision. The Board denied the carrier's subsequent application for full Board review. The carrier appeals from the Board's July 1, 2021 decision.
We affirm. Pursuant to Workers' Compensation Law § 114-a (1), a claimant may be disqualified from receiving workers' compensation benefits "[i]f for the purpose of obtaining compensation . . . or for the purpose of influencing any determination regarding any such payment, [he or she] knowingly makes a false statement or representation as to a material fact." "Whether a claimant has violated Workers' Compensation Law § 114-a is within the province of the Board, which is the sole arbiter of witness credibility, and its decision will not be disturbed if supported by substantial evidence" (Matter of Strohschein v Safespan Platform Sys. Inc., 207 AD3d 818, 820 [3d Dept 2022] [internal quotation marks and citations omitted]; accord Matter of Spinelli v Cricket Val. Energy Ctr., 206 AD3d 1427, 1427 [3d Dept 2022]).
Claimant's medical records clearly contradict his statements that he had no history of fainting, dizziness or syncope prior to the accident. Nevertheless, claimant testified, and the medical evidence [*2]— including the IME report — confirms, that claimant suffers from memory loss as a result of the severe head and brain trauma suffered in the accident. Claimant provided a release for his medical records and testified that, in the event there were any discrepancies between his testimony and the information reflected in his medical records, that the medical records were correct. Claimant explained that he remembered some things, but that there were gaps in his memory and he was not trying to hide any information. Absent any evidence by the carrier that claimant did not suffer from memory loss, the Board credited claimant's explanation regarding the misstatements. Deferring to the Board's credibility determination, substantial evidence supports the Board's conclusion that claimant did not knowingly making false misrepresentations and, therefore, did not violate Workers' Compensation Law § 114-a (see Matter of Wait v Hudson Val. Community Coll., 120 AD3d 1456, 1457 [3d Dept 2014]; Matter of Monroe v Town of Chester, 42 AD3d 862, 864-865 [3d Dept 2007]; Matter of Henry v Bass-Masci, 32 AD3d 635, 636 [3d Dept 2006]).
Garry, P.J., Lynch, Aarons and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.