Matter of Updike v Synthes (2023 NY Slip Op 02923)

Matter of Updike v Synthes

2023 NY Slip Op 02923

Decided on June 1, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 1, 2023

CV-22-1920
[*1]In the Matter of the Claim of Lawrence Updike, Respondent,
v
Synthes et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:April 26, 2023

Before:Lynch, J.P., Clark, Aarons, Reynolds Fitzgerald and McShan, JJ.

Gitto & Niefer, LLP, Binghamton (Jason M. Carlton of counsel), for appellants.
Peter D. Salton, Ithaca, for Lawrence Updike, respondent.
Letitia James, Attorney General, New York City (Nina M. Sas of counsel), for Workers' Compensation Board, respondent.

McShan, J.
Appeal from a decision of the Workers' Compensation Board, filed June 3, 2022, which ruled, among other things, that claimant did not violate Workers' Compensation Law § 114-a.
While working as an automotive mechanic in 1996, claimant sustained a work-related injury to his lower back, and his workers' compensation claim subsequently was amended in 2000 to include a consequential injury to his neck. The Workers' Compensation Board thereafter classified claimant, who had been receiving a reduced earnings award, as permanently partially disabled, and, in 2005, claimant's 1996 claim was resolved by way of a Workers' Compensation Law § 32 settlement.
In 2006, claimant began working as a machine operator for a company that produces medical devices. While working for the employer in 2013, claimant sustained neck and arm injuries and again filed a claim for workers' compensation benefits. In conjunction therewith, claimant underwent an independent medical examination (hereinafter IME), and the examiner noted, among other things, that claimant denied experiencing prior problems with or pain in his neck. The claim was established for injuries to claimant's neck and left arm, and claimant subsequently underwent neck surgery and returned to full duty. Claimant stopped working in March 2019 due to worsening symptoms in his neck and arms and filed another claim for workers' compensation benefits, which the employer controverted. In November 2019, the parties stipulated to closing the 2019 claim and combining it with the 2013 claim, and payments to claimant continued at the temporary total disability rate.
Additional evaluations and proceedings ensued to address the issues of permanency and apportionment, during the course of which the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) raised the possibility of a Workers' Compensation Law § 114-a violation. A Workers' Compensation Law Judge (hereinafter WCLJ) found claimant to be credible, rejected the carrier's assertion that claimant intentionally failed to disclose his prior, consequential neck injury when he sought treatment for his worsening symptoms in 2019 and, hence, concluded that no Workers' Compensation Law § 114-a violation had occurred. By decision filed November 2, 2021, the WCLJ classified claimant as having a permanent partial disability (based upon his cervical spine injury) and found that he had sustained a 75% loss of wage earning capacity. The carrier sought administrative review of the WCLJ's decision contending, as relevant here, that claimant had in fact violated Workers' Compensation Law § 114-a. The Workers' Compensation Board, among other things, ruled that no such violation occurred, and this appeal by the carrier ensued.
We affirm. "A claimant who, for the purpose of obtaining workers' compensation benefits, knowingly makes a false statement or representation as to a material fact shall be disqualified from receiving any compensation [*2]directly attributable to such false statement or representation" (Matter of Kennedy v 3rd Track Constructors, 213 AD3d 1005, 1008 [3d Dept 2023] [internal quotation marks and citations omitted]; see Workers' Compensation Law § 114-a [1]; Matter of Sausto v Wildlife Conservation Socy., 208 AD3d 1565, 1566 [3d Dept 2022]). "A fact will be deemed material so long as it is significant or essential to the issue or matter at hand, and an omission of material information may constitute a knowing false statement or misrepresenation" (Matter of Nappi v Verizon N.Y., 205 AD3d 1181, 1182 [3d Dept 2022] [internal quotation marks and citations omitted]; accord Matter of Ali v New York City Dept. of Corr., 205 AD3d 1247, 1248 [3d Dept 2022]). "Whether a claimant has violated Workers' Compensation Law § 114-a is within the province of the Board, which is the sole arbiter of witness credibility, and its decision will not be disturbed if supported by substantial evidence" (Matter of Belfiore v Penske Logistics LLC, 209 AD3d 1095, 1096 [3d Dept 2022] [internal quotation marks and citations omitted]; see Matter of Koratzanis v U.S. Concrete, Inc., 209 AD3d 1075, 1076-1077 [3d Dept 2022]) — even if other evidence in the record could support a contrary conclusion (see Matter of Arena v Upstate Niagara Coop. Inc., 208 AD3d 1400, 1401 [3d Dept 2022]).
There is no question that claimant's 1996 claim for injuries to his lower back was amended in 2000 to include a consequential injury to his neck, that the Board thereafter classified claimant, who had been receiving a reduced earnings award, as permanently partially disabled and that claimant's 1996 claim was resolved by way of a Workers' Compensation Law § 32 settlement in 2005 — all of which claimant acknowledged. The record also reflects that, after injuring his neck in 2013 and seeking treatment for his worsening symptoms in 2019, claimant expressly denied any pre-2013 injuries to that site. For purposes of Workers' Compensation Law § 114-a, however, the issue is not whether claimant did in fact injure his neck prior to 2013 but, rather, whether he intentionally withheld that information from evaluating physicians for the purpose of obtaining workers' compensation benefits.
In this regard, both the WCLJ and the Board credited claimant's recollection of his 1996 compensation claim — namely, that it pertained to injuries sustained to his low back and concluded that, although his memory of the specifics of such claim may have been flawed, claimant did not intentionally withhold material information from the relevant physicians in order to obtain benefits. The Board's conclusion in this regard appears to be buttressed by the fact that, in 2006, claimant began working as a machine operator for the employer (apparently without restrictions) and continued in that capacity until 2013 when he sustained neck and arm injuries and again filed a claim for workers' compensation benefits — lending credence to claimant's assertion [*3]that any pre-2013 disability was the product of his back injury. Although — as the carrier contends — the record indeed contains evidence that could support a Workers' Compensation Law § 114-a violation, "it is not the role of this Court to second-guess the Board's resolution of factual and credibility issues, and the mere fact that there may be evidence in the record to support contrary conclusions is of no moment" (Matter of Arena v Upstate Niagara Coop. Inc., 208 AD3d at 1401 [internal quotation marks and citation omitted]). Inasmuch as the Board based its rationale upon a credibility determination, we discern no basis upon which to disturb its decision. The carrier's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Lynch, J.P., Clark, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is affirmed, with costs to claimant.