Matter of Hartman v Arric Corp. (2024 NY Slip Op 00477)

Matter of Hartman v Arric Corp.

2024 NY Slip Op 00477

Decided on February 1, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 1, 2024

CV-22-2330
[*1]In the Matter of the Claim of Kurt Hartman, Claimant,
v
Arric Corp. et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:January 17, 2024

Before:Aarons, J.P., Pritzker, Lynch, Fisher and Mackey, JJ.

Weber Gallagher Simpson Stapleton Fires & Newby LLP, New York City (James French of counsel), for appellants.
Letitia James, Attorney General, New York City (Marjorie S. Leff of counsel), for respondent.

Aarons, J.P.
Appeals (1) from a decision of the Workers' Compensation Board, filed September 15, 2022, which ruled, among other things, that claimant did not violate Workers' Compensation Law § 114-a, and (2) from a decision of said Board, filed December 2, 2022, which denied the application of the employer and its workers' compensation carrier for reconsideration and/or full Board review.
In 2015, claimant, while a pedestrian, was struck by a slow-moving motor vehicle, resulting in a mild injury to his back that fully resolved. In August 2018, claimant, while employed as an asbestos worker, was injured at work as he hauled pieces of a cast iron boiler out of a high school basement, and his subsequent claim for workers' compensation benefits was established for a work-related lower back injury. Following several independent medical examinations of claimant, which were conducted from October 2018 through January 2022, the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) alleged that claimant violated Workers' Compensation Law § 114-a by repeatedly failing to disclose his 2015 injury, thereby intentionally misrepresenting his medical history for the purpose of obtaining benefits. Following a hearing, a Workers' Compensation Law Judge found that no Workers' Compensation Law § 114-a violation had occurred. Upon administrative review, the Workers' Compensation Board affirmed the Workers' Compensation Law Judge's ruling that no violation had occurred, finding that there were multiple references to his 2015 injury in the independent medical examination reports and that he was not treating or taking any medication for that injury at the time that he sustained the instant work-related injury in 2018. The carrier's subsequent application for reconsideration and/or full Board review was denied. The carrier appeals from both decisions.[FN1]
We affirm. "A claimant who, for the purpose of obtaining workers' compensation benefits, knowingly makes a false statement or representation as to a material fact shall be disqualified from receiving any compensation directly attributable to such false statement or representation" (Matter of Kennedy v 3rd Track Constructors, 213 AD3d 1005, 1008 [3d Dept 2023] [internal quotation marks and citations omitted]; see Matter of Sausto v Wildlife Conservation Socy., 208 AD3d 1565, 1566 [3d Dept 2022]). "A fact will be deemed material so long as it is significant or essential to the issue or matter at hand, and an omission of material information may constitute a knowing false statement or misrepresentation" (Matter of Nappi v Verizon N.Y., 205 AD3d 1181, 1182 [3d Dept 2022] [internal quotation marks and citations omitted]; accord Matter of Ali v New York City Dept. of Corr., 205 AD3d 1247, 1248 [3d Dept 2022]). "Whether a claimant has violated Workers' Compensation Law § 114-a is within the province of the Board, which is the sole arbiter of witness credibility, and its decision will not be disturbed [*2]if supported by substantial evidence — even if other evidence in the record could support a contrary conclusion" (Matter of Updike v Synthes, 217 AD3d 1045, 1046 [3d Dept 2023] [internal quotation marks and citations omitted]).
Although the record contains several questionnaires filled out by claimant in which he denied being involved in a prior accident or suffering any prior injuries, there are also references in some of the independent medical examination reports indicating that claimant had sustained a prior lumbar injury. Both of claimant's treating physicians also reported that claimant had been involved in a 2015 motor vehicle accident resulting in a back injury that ultimately resolved. Moreover, in his testimony, claimant described his prior accident and injury and explained that the 2015 injury fully resolved prior to sustaining the instant work-related injury and that he had thought that the 2015 injury did not pertain to his current injury.
Although the record contains evidence that could support a Workers' Compensation Law § 114-a violation, "it is not the role of this Court to second-guess the Board's resolution of factual and credibility issues, and the mere fact that there may be evidence in the record to support contrary conclusions is of no moment" (Matter of Arena v Upstate Niagara Coop. Inc., 208 AD3d 1400, 1401 [3d Dept 2022] [internal quotation marks and citation omitted]). The Board credited claimant's explanatory testimony and references to the 2015 injury that were contained in multiple medical reports. Inasmuch as the Board based its rationale upon a credibility determination, its decision will not be disturbed (see Matter of Updike v Synthes, 217 AD3d at 1047; Matter of Belfiore v Penske Logistics LLC, 209 AD3d 1095, 1096 [3d Dept 2022]). The carrier's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Pritzker, Lynch, Fisher and Mackey, JJ., concur.
ORDERED that the decisions are affirmed, without costs.

Footnotes

Footnote 1: In its appellate brief, the carrier does not address the denial of its application for reconsideration and/or full Board review and, therefore, we deem its appeal from the Board's December 2022 decision to be abandoned (see Matter of Morgan v DR2 & Co. LLC, 189 AD3d 1828, 1830 n [3d Dept 2020]).