Matter of Winkelman v Sumitomo Rubber USA (2024 NY Slip Op 03366)

Matter of Winkelman v Sumitomo Rubber USA

2024 NY Slip Op 03366

Decided on June 20, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 20, 2024

CV-23-0674
[*1]In the Matter of the Claim of Ronald Winkelman, Claimant,
v
Sumitomo Rubber USA et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:May 29, 2024

Before:Aarons, J.P., Pritzker, Lynch, Ceresia and Mackey, JJ.

Law Offices of Melissa A. Day, PLLC, Amherst (Kristin M. Machelor of counsel), for appellants.
Letitia James, Attorney General, New York City (Nina M. Sas of counsel), for respondent.

Pritzker, J.
Appeal from a decision of the Workers' Compensation Board, filed March 14, 2023, which ruled, among other things, that claimant did not violate Workers' Compensation Law § 114-a.
Claimant worked for the employer — most recently as a motorcycle tire development engineer — for 34 years. In June 2000, claimant sustained a work-related injury to his neck and upper back when the motor vehicle in which he was a passenger was rear-ended by another vehicle. Claimant underwent treatment but continued to work. In May 2018, claimant sustained another work-related injury when he tripped and fell while carrying a tire, causing him to twist his lower back and land on his knees. Claimant initially continued to work but, when the intermittent pain in his lower back persisted, claimant sought treatment from his internist who, in turn, referred him to neurosurgeon Michael Landi for further evaluation.
Claimant was evaluated by either Landi or a physician's assistant in Landi's office between December 2018 and December 2021 and underwent various forms of treatment. As relevant here, and on October 7, 2021, a physician's assistant found claimant to have a 75% temporary disability.[FN1] In November 2021, claimant underwent an independent medical examination, and the examiner concluded that claimant had recovered from his work-related injury, that no additional treatment was necessary and that claimant could return to work without any restrictions. According to the examiner, claimant's lumbar strain was solely attributable to his preexisting degenerative disc disease. Shortly thereafter, claimant again was seen by a physician's assistant in Landi's office, who noted a recent exacerbation of claimant's pain and concluded that claimant remained 75% temporarily disabled. Claimant subsequently was given a note to return to work with certain restrictions, including that he lift no more than 10 to 15 pounds at a time. According to claimant, he notified the employer accordingly but was told that the restrictions could not be accommodated and, hence, he was not to return to work.
In December 2021, claimant filed a request for further action seeking awards effective October 7, 2021. That same month, claimant's counsel also notified the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) that claimant had earned $1,600 at a temporary per diem job on two days in December 2021 and that he had a per diem job scheduled for early January 2022, for which he expected to earn $800. Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) found that there was no compensable lost time from May 10, 2018 to October 7, 2021 (because claimant was still working) but directed awards from October 7, 2021 to December 6, 2021 at a temporary partial disability rate. Awards from December 6, 2021 to January 26, 2022 were held in abeyance pending claimant's testimony and the depositions of Landi and the independent medical examiner. Claimant [*2]continued treatment and continued to work for other entities on a per diem basis — still subject to the same lifting restrictions — and, in March 2022, the carrier raised the issue of a possible Workers' Compensation Law § 114-a violation. Although claimant was granted permission to return to work on a full-duty basis effective March 21, 2022, the employer terminated claimant's employment a few days later.
At a hearing held in April 2022, the carrier advised that it had suspended payments as of December 6, 2021 — in part because claimant was working in some capacity — and indicated that it had surveillance videos of claimant engaged in various activities. Following receipt of claimant's testimony, Landi's deposition, the surveillance videos and surveillance reports, as well as an addendum to the independent medical examiner's report, the WCLJ found, "[a]fter reviewing the many hours of video surveillance and the many pages of the surveillance report," that claimant did not violate Workers' Compensation Law § 114-a. Specifically, the WCLJ noted that, although claimant indeed was, among other things, observed lifting and unloading boxes from his vehicle at various points in time, the record was silent as to the weight of those boxes and, hence, it could not be assumed that the boxes surpassed the restrictions imposed by Landi's office. Indeed, to the WCLJ's observations, none of the activities depicted on the surveillance videos "appeared to be beyond the limits of the restrictions prescribed." The WCLJ further found that Landi corroborated claimant's testimony regarding his attempts to return to work and that, once the employer terminated claimant's services, claimant testified regarding securing employment elsewhere. Accordingly, the WCLJ concluded that claimant was entitled to a reduced earnings award. Upon administrative review, the Workers' Compensation Board — in a detailed written decision — affirmed the WCLJ's findings and ruled that there was no Workers' Compensation Law § 114-a violation and that claimant was entitled to reduced earnings. This appeal by the carrier ensued.
We affirm. "A claimant who, for the purpose of obtaining workers' compensation benefits, knowingly makes a false statement or representation as to a material fact shall be disqualified from receiving any compensation directly attributable to such false statement or representation" (Matter of Kennedy v 3rd Track Constructors, 213 AD3d 1005, 1008 [3d Dept 2023] [internal quotation marks and citations omitted]; accord Matter of Hartman v Arric Corp., 224 AD3d 959, 960 [3d Dept 2024]; see Matter of Spinelli v Cricket Val. Energy Ctr., 206 AD3d 1427, 1427 [3d Dept 2022]). "An omission of material information may constitute a knowing false statement or misrepresentation" (Matter of Sanchez v US Concrete, 194 AD3d 1287, 1288 [3d Dept 2021] [internal quotation marks, brackets and citations omitted]; see Matter of Updike v Synthes, 217 AD3d 1045, 1046 [3d Dept 2023]). "Whether [*3]a claimant has violated Workers' Compensation Law § 114-a is within the province of the Board, which is the sole arbiter of witness credibility, and its decision will not be disturbed if supported by substantial evidence — even if other evidence in the record could support a contrary conclusion" (Matter of Hartman v Arric Corp., 224 AD3d at 960 [internal quotation marks and citations omitted]; see Matter of Deliso v New York City Tr. Auth., 225 AD3d 1010, 1011 [3d Dept 2024]).
The record reflects that claimant's spouse was a vendor at various craft shows and, beginning in October 2021, claimant attended such events with her. When questioned regarding his activities at these events, claimant acknowledged that he helped his spouse when she traveled but stated that he did not have any ownership interest in her business and that his role at these events was simply to provide "moral support." According to the surveillance logs, claimant was observed at certain events lifting boxes, carrying plants, bending at the waist, talking with customers and, on one occasion, selling a bar of soap to the carrier's investigator. As the Board pointed out, however, the record is bereft of any proof that the items that claimant lifted or transported exceeded the weight restrictions imposed by Landi (see e.g. Matter of Bennett v J-Track LLC, 182 AD3d 967, 969-970 [3d Dept 2022]), and it was within the province of the Board to conclude that "sporadic, incidental and uncompensated assistance to one's spouse" was insufficient to give rise to an intentional misrepresentation for purposes of a Workers' Compensation Law § 114-a violation (cf. Matter of Roberts v Eastman Kodak Co., 185 AD3d 1124, 1126 [3d Dept 2020]). Under these circumstances, we find that the Board's decision is supported by substantial evidence (see generally Matter of Sidiropoulos v Nassau Intercounty Express, 178 AD3d 1266, 1267-1268 [3d Dept 2019]). Notably, "it is not the role of this Court to second-guess the Board's resolution of factual and credibility issues, and the mere fact that there may be evidence in the record to support contrary conclusions is of no moment" (Matter of Updike v Synthes, 217 AD3d at 1047 [internal quotation marks and citations omitted]).
We reach a similar conclusion regarding the Board's finding that claimant was entitled to a reduced earnings award. To succeed in this regard, claimant was required to demonstrate attachment to the labor market (see Matter of Blanch v Delta Air Lines, 204 AD3d 1203, 1206 n [3d Dept 2022]); whether he did so presented a factual issue for the Board to resolve, and its decision, if supported by substantial evidence in the record as a whole, will be upheld (see id. at 1206; Matter of Joseph v Historic Hudson Val. Inc., 202 AD3d 1243, 1244 [3d Dept 2022]). As relevant here, "[t]he Board has found that a claimant remains attached to the labor market . . . where there is credible documentary evidence that he or she is actively seeking work within [*4]his or her medical restrictions through a timely, diligent and persistent independent job search" (Matter of Joseph v Historic Hudson Val. Inc., 202 AD3d at 1244 [internal quotation marks and citations omitted]; accord Matter of Bloomingdale v Reale Constr. Co. Inc., 161 AD3d 1406, 1407 [3d Dept 2018]; see Matter of Canela v Sky Chefs, Inc., 193 AD3d 1216, 1217 [3d Dept 2021]). Upon reviewing claimant's testimony and documentation relative to his attempts to return to his work with the employer, as well as his subsequent per diem employment endeavors and job search, we are satisfied that the Board's reduced earnings determination is supported by substantial evidence. The carrier's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Aarons, J.P., Lynch, Ceresia and Mackey, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: Landi subsequently would testify that the same physician's assistant provided claimant with a note indicating that claimant was 100% temporarily totally disabled and that he was to remain out of work for four weeks. Landi indicated that he was unable to provide an explanation for the apparent inconsistency in the degree of disability assigned by the physician's assistant.