Matter of Augone v Stop & Shop Supermarket Co. LLC (2025 NY Slip Op 01853)

Matter of Augone v Stop & Shop Supermarket Co. LLC

2025 NY Slip Op 01853

Decided on March 27, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 27, 2025

CV-24-0676
[*1]In the Matter of the Claim of Christopher A. Augone, Claimant,
v
The Stop & Shop Supermarket Company LLC et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:February 19, 2025

Before:Egan Jr., J.P., Aarons, Pritzker, Lynch and Ceresia, JJ.

Vaughan McLean, Syracuse (Cory A. DeCresenza of counsel), for appellants.
Letitia James, Attorney General, New York City (Alison Kent-Friedman of counsel), for respondent.

Pritzker, J.
Appeal from a decision of the Workers' Compensation Board, filed November 20, 2023, which ruled, among other things, that claimant did not violate Workers' Compensation Law § 114-a.
Claimant, a grocery store clerk, has an established claim for work-related injuries to his neck that were sustained in 2021. Following an independent medical examination, which found that claimant's injuries were causally-related to his employment and recommended physical therapy, questions arose as to the need for surgical intervention, and a Workers' Compensation Law Judge (hereinafter WCLJ) directed that depositions be conducted on that issue. During one of those depositions, the testifying physician made reference to a pre-2021 MRI study — prompting an inquiry into whether claimant had sustained prior injuries to his neck. Although claimant denied sustaining any such injuries, the WCLJ directed that claimant execute HIPPA releases to verify his testimony. Relying upon records relating to a 2017 emergency room visit, wherein claimant complained of neck pain following a fall, the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) raised a potential violation of Workers' Compensation Law § 114-a. A hearing followed, during which claimant testified that he did not consider the 2017 incident to be significant because he neither lost time from work nor required any follow-up treatment. At the conclusion of the hearing, the WCLJ found that the carrier failed to establish that claimant's omission of the 2017 injury was intentional and, hence, no Workers' Compensation Law § 114-a violation occurred. Upon the carrier's administrative appeal, and by decision filed November 20, 2023, a divided panel of the Workers' Compensation Board affirmed. This appeal ensued.[FN1]
We affirm. "A claimant who, for the purpose of obtaining workers' compensation benefits, knowingly makes a false statement or representation as to a material fact shall be disqualified from receiving any compensation directly attributable to such false statement or representation" (Matter of Winkelman v Sumitomo Rubber USA, 228 AD3d 1153, 1155 [3d Dept 2024] [internal quotation marks and citations omitted]; accord Matter of Updike v Synthes, 217 AD3d 1045, 1046 [3d Dept 2023]; see Matter of Brown v Van Liner Ins. Co., 227 AD3d 1331, 1334 [3d Dept 2024]). To that end, "[a] fact will be deemed material so long as it is significant or essential to the issue or matter at hand, and an omission of material information may constitute a knowing false statement or misrepresentation" (Matter of Updike v Synthes, 217 AD3d at 1046 [internal quotation marks and citations omitted]; Matter of Brown v Van Liner Ins. Co., 227 AD3d at 1335; accord Matter of Hartman v Arric Corp., 224 AD3d 959, 960 [3d Dept 2024]). "Whether a claimant has violated Workers' Compensation Law § 114-a is within the province of the Board, which is the sole arbiter of witness credibility, and its decision will [*2]not be disturbed if supported by substantial evidence — even if other evidence in the record could support a contrary conclusion" (Matter of Hartman v Arric Corp., 224 AD3d at 960 [internal quotation marks and citations omitted]; accord Matter of Winkelman v Sumitomo Rubber USA, 228 AD3d at 1155; see Matter of Spinelli v Cricket Val. Energy Ctr., 206 AD3d 1427, 1427 [3d Dept 2022]).
There is no dispute that claimant neglected to mention his 2017 emergency room visit, wherein he complained of neck pain following a fall down some stairs, to his treating physicians — stating instead that he had "never hurt [him]self before in [his] life before [the 2021] injury." When questioned regarding this omission, however, claimant explained that he did not consider the 2017 incident to be significant because he did not lose any time from work, was not referred to an orthopedist and no follow-up treatment was required. Claimant expressly denied intending to deceive the carrier regarding this incident — testifying instead that because the underlying fall resulted in "just general soreness," he "didn't think anything of it" and, as time passed, "just forgot about it." The Board found claimant's explanatory testimony to be plausible and, given the particular facts and circumstances, concluded that claimant's failure to disclose the 2017 incident did not constitute a material misrepresentation. As the Board's findings in this regard, which are grounded upon a credibility determination, are supported by substantial evidence, they will not be disturbed (see Matter of Hartman v Arric Corp., 224 AD3d at 961; Matter of Spinelli v Cricket Val. Energy Ctr., 206 AD3d at 1428; Matter of Snyder v Cring, 140 AD3d 1554, 1555 [3d Dept 2016]; see also Matter of Updike v Synthes, 217 AD3d at 1046-1047). The carrier's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Egan Jr., J.P., Aarons, Lynch and Ceresia, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: Although not the subject of the instant appeal, the Board panel's split decision triggered mandatory full Board review and, by decision filed March 1, 2024, the full Board — by a vote of 8 to 4 — again affirmed the WCLJ's decision.