Matter of Barros v Picone (2020 NY Slip Op 06432)





Matter of Barros v Picone


2020 NY Slip Op 06432


Decided on November 12, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 12, 2020

530481

[*1]In the Matter of the Claim of Anibal Barros, Claimant,
v
John P. Picone, Inc., et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date: October 22, 2020

Before: Garry, P.J., Clark, Devine, Aarons and Reynolds Fitzgerald, JJ.


Lois LLC, New York City (Noah Pollack of counsel), for appellants.
Letitia James, Attorney General, New York City (Donya Fernandez of counsel), for respondent.



Garry, P.J.
Appeal from a decision of the Workers' Compensation Board, filed June 7, 2019, which ruled, among other things, that claimant violated Workers' Compensation Law § 114-a.
Claimant, a cement mason, filed a claim for workers' compensation benefits following an accident on March 9, 2018 in which he was knocked off scaffolding and fell onto train tracks. Claimant has established claims for injuries to his lumbar spine and right shoulder, later amended to add a contusion to his right leg. He received medical care and wage replacement benefits from March 10, 2018 through July 31, 2018, when he had shoulder surgery and was classified as temporarily totally disabled. The employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) thereafter produced surveillance videos taken by an investigator depicting claimant's activities over the course of 10 days between April and July 2018 and raised the issue of whether claimant had misrepresented the extent of his medical impairment in violation of Workers' Compensation Law § 114-a.
Following hearings at which claimant, the investigator and several physicians testified, a Workers' Compensation Law Judge (hereinafter WCLJ) concluded, among other things, that claimant had not violated Workers' Compensation Law § 114-a and directed awards at a temporary partial disability rate (75%) for the period of May 17, 2018 through July 31, 2018, and from December 11, 2018 through January 30, 2019 (25%).[FN1] On the carrier's administrative appeal, the Workers' Compensation Board modified, finding that claimant had violated Workers' Compensation Law § 114-a by misrepresenting his physical condition as totally disabled to physicians and when he testified. The Board imposed a mandatory penalty disqualifying claimant from receiving benefits for the period of May 17, 2018 through July 31, 2018 (for a total of 10.6 weeks), and imposed a discretionary penalty equal to the amount of the mandatory penalty, to be deducted from future award payments. The carrier appeals.[FN2]
We affirm. Workers' Compensation Law § 114-a (1) provides that a claimant who, for the purpose of obtaining workers' compensation benefits or to influence any determination related to payment thereof, "knowingly makes a false statement or representation as to a material fact . . . shall be disqualified from receiving any compensation directly attributable to such false statement or representation" (see Matter of Roberts v Eastman Kodak Co., 185 AD3d 1124, 1125 [2020]; see also Matter of Losurdo v Asbestos Free, 1 NY3d 258, 265 [2003]). In addition to a mandatory penalty, this provision grants the Board the authority, in its discretion, to "disqualif[y]" a claimant from receiving future benefits, which is the maximum penalty, or to impose "an additional penalty" up to the amount of the mandatory penalty (Workers' Compensation Law § 114-a [1]; see Matter of Losurdo v Asbestos Free, 1 NY3d at 265; Matter of Restrepo v Plaza Motors of Brooklyn Inc., 181 AD3d 1108, 1110 [2020]). "Whether a claimant has violated Workers' Compensation Law § 114-a is within the province of the Board, which is the sole arbiter of witness credibility, and its decision will not be disturbed if supported by substantial evidence" (Matter of Bennett v J-Track LLC, 182 AD3d 967, 969 [2020] [internal quotation marks and citations omitted]; see Matter of Teabout v Albany County Sheriff's Dept., 182 AD3d 709, 709 [2020]).
There is no dispute that claimant violated Workers' Compensation Law § 114-a and was subject to a mandatory penalty. Rather, the carrier argues, first, that the Board erred in limiting the time period of the mandatory penalty and, second, that the Board should have imposed the maximum discretionary penalty. In imposing a mandatory penalty disqualifying claimant from benefits for the period from May 17, 2018 through July 31, 2018, the Board reviewed the video surveillance, claimant's testimony and the medical reports and testimony, and the Board found that this is the period in which he received benefits that were directly attributable to his misrepresentation of his impairment level. On the first day of the video surveillance, April 11, 2018, claimant is observed walking, driving and working under his truck, at points on his hands and knees. The subsequent videos depict claimant engaged in various activities, without apparent difficulty or pain, including gardening, in which he is seen bending down, weeding, using a garden hose and cleaning up. The videos also show claimant running errands, driving, shopping and lifting a large bag from a home improvement store and placing it into his vehicle. At the hearing, claimant testified that, since the accident, he was not able to do any landscaping or gardening, he was unable to mow the grass and he could not shop "like before." He acknowledged that he was able to drive short distances and to run errands, but he stated that he had tried to do maintenance on his car but was not able to do so.
The Board also relied upon the reports and testimony of Ronald Light, the carrier's orthopedic consultant who examined claimant on May 17, 2018, finding that he had a moderate disability and could return to work with restrictions on activities that require bending or lifting. Claimant had reported to Light that, due to his injuries and "sharp pain" that worsened with movement, he was unable to engage in gardening, errands, shopping or sports and that his typical daily activities involved "staying at home." Claimant represented that he could only stand for 20 minutes before he needs to sit due to pain, and that he could only sit for 10 minutes before he needs to change position due to pain. Claimant's treating spinal orthopedist, Cheryl Daves, diagnosed him with a lumbar radiculopathy and disc displacement. Based in part upon examinations of claimant in June and July 2018, in which he had reported that his back pain was a level 9 out of 10, Daves opined that he was temporarily totally disabled. Claimant's treating orthopedist for his shoulder injury also documented that claimant reported "constant" pain with activity in May 2018, which he relied upon in finding claimant to be totally disabled.
The carrier argues that claimant's mandatory disqualification should have started on March 9, 2018, the date of his injury. However, the first video surveillance was on April 11, 2018, when claimant was observed walking and driving, which he had previously acknowledged he could do with limitations, and working on his truck, which he testified he had tried to do but had difficulty performing. The next relevant surveillance did not occur until May 31, 2018, when he was seen lifting a large bag, activity which came after Light's May 17, 2018 examination in the course of which claimant had misrepresented his impairment level and abilities. As such, substantial evidence supports the Board's decision to set the start date for disqualification as May 17, 2018. Likewise, the Board rationally set the end date for the disqualification as July 31, 2018, given that the last surveillance video was taken on July 12, 2018 and claimant had shoulder surgery on July 31, 2018 and was thereafter totally disabled. As the Board's determination of when claimant misrepresented his impairment level contributing to his award, which turned in part on witness credibility, is supported by substantial evidence, it will not be disturbed (see Matter of Bennett v J-Track LLC, 182 AD3d at 969; Matter of Teabout v Albany County Sheriff's Dept., 182 AD3d at 709).
To the extent that the carrier challenges the adequacy of the discretionary penalty, "[j]udicial review of an administrative penalty is limited to whether the . . . penalty
. . . constitutes an abuse of discretion as a matter of law" and, as such, "a penalty must be upheld unless it is so disproportionate to the offense as to be shocking to one's sense of fairness, thus constituting an abuse of discretion as a matter of law" (Matter of Kelly v Safir, 96 NY2d 32, 38 [2001] [internal quotation marks and citations omitted]; see Matter of Restrepo v Plaza Motors of Brooklyn Inc., 181 AD3d at 1110). After reviewing all of the evidence and considering the nature and extent of claimant's misrepresentations, the Board expressly found that, although a discretionary penalty equal to the mandatory penalty was warranted, permanent disqualification was not warranted. The Board explained its reasons, and we do not find that the discretionary penalty was so disproportionate to the offense as to constitute "an abuse of discretion as a matter of law" (Matter of Kelly v Safir, 96 NY2d at 38). The carrier's remaining contentions also lack merit.
Clark, Devine, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: Claimant was classified as temporarily totally disabled after his July 31, 2018 shoulder surgery until December 11, 2018.

Footnote 2: Claimant did not file a brief on appeal.