Matter of Young v Acranom Masonary Inc. (2021 NY Slip Op 02582)





Matter of Young v Acranom Masonary Inc.


2021 NY Slip Op 02582


Decided on April 29, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:April 29, 2021

531928
[*1]In the Matter of the Claim of Timothy Young, Appellant,
v
Acranom Masonary Inc. et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:March 10, 2021

Before:Egan Jr., J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.

The Weinstein Law Group, PLLC, New York City (Rudolf B. Radna of counsel), for appellant.
Goldberg Segalla LLP, Garden City (Cory A. DeCresenza of counsel), for Acranom Masonary Inc. and another, respondents.



Reynolds Fitzgerald, J.
Appeal from a decision of the Workers' Compensation Board, filed February 20, 2020, which ruled that claimant violated Workers' Compensation Law § 114-a and imposed a penalty.
Claimant, a forklift operator, established a workers' compensation claim for injuries to his back stemming from a May 2018 work-related accident and received voluntary indemnity benefits from May 12, 2018 to June 21, 2019. Claimant's treating physician continuously diagnosed claimant with a total temporary disability. Claimant returned to work for a different employer on April 1, 2019, but did not inform any of the parties or the Workers' Compensation Board. Thereafter, the employer's workers' compensation carrier raised an issue of whether claimant violated Workers' Compensation Law § 114-a, disclosing that it had obtained video surveillance of claimant.
Following a hearing, a Workers' Compensation Law Judge ruled that claimant engaged in fraud by failing to disclose that he had returned to work and imposed a mandatory penalty for a specified period, as well as a discretionary penalty of a lifetime bar of indemnity benefits. Upon administrative review, the Board found that claimant violated Workers' Compensation Law § 114-a as evidenced by the video surveillance — which, according to the Board, shows that claimant misrepresented the extent of his disability and functional limitations — and by claimant's admission that he cashed workers' compensation checks while performing work. The Board, noting that it is "common practice" for a Workers' Compensation Law Judge to direct a claimant to report a return to work to the Board and the carrier, found that claimant's failure to disclose his return to work and cashing the compensation checks while performing such work constituted a misrepresentation warranting the imposition of a mandatory penalty. In addition, the Board assessed a discretionary penalty of permanent disqualification of indemnity benefits. Claimant appeals.
"Workers' Compensation Law § 114—a (1) provides that a claimant who, for the purpose of obtaining workers' compensation benefits or to influence any determination related to payment thereof, 'knowingly makes a false statement or representation as to a material fact . . . shall be disqualified from receiving any compensation directly attributable to such false statement or representation'" (Matter of Barros v John P. Picone, Inc., 188 AD3d 1397, 1398 [2020] [citation omitted]; see Matter of Losurdo v Asbestos Free, 1 NY3d 258, 264 [2003]). "A fact is considered material when it is significant or essential to the issue or matter at hand" (Matter of Teabout v Albany County Sheriff's Dept., 182 AD3d 709, 709 [2020] [citations omitted]). Moreover, "an omission of material information may constitute a knowing false statement or misrepresentation" (Matter of Williams v New York City Dept. of Corr., 188 AD3d 1382, 1383 [2020] [internal quotation marks and citations omitted]; see Matter of Galeano v International [*2]Shoppes, 171 AD3d 1416, 1418 [2019]). It is within the province of the Board, which is the sole arbiter of witness credibility, to determine whether a claimant violated Workers' Compensation Law § 114-a, and its decision will not be disturbed if supported by substantial evidence (see Matter of Haner v Niagara County Sheriff's Dept., 188 AD3d 1432, 1435 [2020]).
Claimant contends that substantial evidence does not support a finding that he violated Workers' Compensation Law § 114-a. From May 2018 through June 2019, claimant's treating physician continuously diagnosed claimant as temporarily totally disabled. However, claimant acknowledged in his testimony that he returned to work for a different employer as early as April 1, 2019. Furthermore, claimant failed to notify the Board, his former attorney or his former employer of his return to work. Finally, once working, he continued to receive workers' compensation benefits.[FN1] Moreover, the video surveillance, while perhaps not fatal standing alone, does show claimant working on vehicles, bending, stooping, lying on the ground and lifting a trailer. In light of the foregoing, we find that substantial evidence supports the Board's determination that claimant violated Workers' Compensation Law § 114-a by omitting and failing to disclose that he returned to work for purposes of obtaining workers' compensation benefits (see Matter of Angora v Wegmans Food Mkts., Inc., 171 AD3d 1419, 1421 [2019]).
Claimant asserts that the imposition of the penalty of total disqualification from future wage loss benefits is disproportionate to the offense. Such a penalty is discretionary and may be applied where "the underlying deception has been deemed egregious or severe, or there was a lack of mitigating circumstances" (Matter of Conliffe v Darden Rest., 187 AD3d 1398, 1401 [2020] [internal quotation marks and citations omitted]). "Judicial review of an administrative penalty is limited to whether the penalty constitutes an abuse of discretion as a matter of law and, to that end, a penalty must be upheld unless it is so disproportionate to the offense as to be shocking to one's sense of fairness" (Matter of Restrepo v Plaza Motors of Brooklyn Inc., 181 AD3d 1108, 1110 [2020] [internal quotation marks, brackets, ellipsis and citations omitted]). The Board imposed the penalty based on "the blatant and conscious nature of . . . claimant's misrepresentations." However, claimant was forthright in his testimony that he returned to work, the record does not disclose that claimant was advised to report his work activities and he had submitted a request in April 2019 for further action citing his dire financial situation. Additionally, there was no medical testimony as to claimant's disability, and independent medical examiners found that claimant had lumbar restrictions on all planes but suffered from a mild to moderate disability and could return to work with restrictions. Further, claimant received an epidural [*3]block just prior to the video surveillance, which he reported to his physician alleviated 80% of his back pain. Based on all the circumstances, we do not find adequate support for the Board's determination to permanently disqualify claimant from all future wage replacement benefits (see Matter of Conliffe v Darden Rest., 187 AD3d at 1400; Matter of Kodra v Mondelez Intl., Inc., 145 AD3d 1131, 1134 [2016]).
Egan Jr., J.P., Aarons, Pritzker and Colangelo, JJ., concur.
ORDERED that the decision is modified, without costs, by reversing so much thereof as disqualified claimant from receiving all future wage replacement benefits, and, as so modified, affirmed.



Footnotes

Footnote 1: The record reveals that claimant received and cashed four compensation checks after the date at which he returned to work.