Matter of Koratzanis v U.S. Concrete, Inc. (2022 NY Slip Op 05568)

Matter of Koratzanis v U.S. Concrete, Inc.

2022 NY Slip Op 05568

Decided on October 6, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 6, 2022

533960
[*1]In the Matter of the Claim of John Koratzanis, Respondent,
v
U.S. Concrete, Inc., et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:September 12, 2022

Before:Egan Jr., J.P., Pritzker, Reynolds Fitzgerald, Ceresia and Fisher, JJ.

Weiss, Wexler & Wornow, PC, New York City (Paul Elyash of counsel), for appellants.
Schotter Millican, LLP, New York City (Geoffrey Schotter of counsel), for John Koratzanis, respondent.
Letitia James, Attorney General, New York City (Nina M. Sas of counsel), for Workers' Compensation Board, respondent.

Fisher, J.
Appeals (1) from a decision of the Workers' Compensation Board, filed March 26, 2021, which ruled, among other things, that claimant violated Workers' Compensation Law § 114-a, and (2) from an amended decision of said Board, filed March 31, 2021, which, among other things, corrected certain errors in its March 26, 2021 decision.
Claimant, a concrete mixer truck driver, sustained a work-related injury in October 2017 and filed a claim for Workers' Compensation benefits. The claim initially was established for injuries to both of claimant's knees, as well as his right leg, foot and ankle, and awards were made. Following various evaluations, depositions and hearings, the claim was amended to include an injury to claimant's left hip and a consequential injury to claimant's lower back. In the interim, the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) raised the prospect of a Workers' Compensation Law § 114-a violation — specifically, that claimant failed to disclose that he had authored and self-published a number of books on Amazon during the period of time that he was collecting workers' compensation benefits. Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) suspended claimant's benefits, and the matter was continued for receipt of certain surveillance evidence. Additional proceedings ensued, at the conclusion of which the WCLJ found that claimant's failure to disclose his postaccident publishing activities constituted a violation of Workers' Compensation Law § 114-a. As to penalty, the WCLJ imposed a mandatory penalty (no compensable lost time) from June 1, 2018 (the date of the first postaccident publication) to September 16, 2020 (the date of the underlying hearing) but declined to impose a discretionary penalty.
Both claimant and the carrier sought administrative review — with claimant contending that his de minimis publishing activities were insufficient to support a violation of Workers' Compensation Law § 114-a and, hence, imposition of a mandatory penalty, and the carrier arguing that a discretionary penalty of permanent disqualification from future benefits was warranted. By decision filed March 26, 2021, the Workers' Compensation Board modified the WCLJ's decision to the extent of correcting a typographical error with respect to the dates encompassing the mandatory penalty but otherwise affirmed. Shortly thereafter, by amended decision filed March 31, 2021, the Board clarified the ending date for the mandatory penalty and recalculated the carrier's overpayment credit for the period between September 16, 2020 and November 20, 2020. The carrier appeals from both decisions.
"Workers' Compensation Law § 114-a (1) provides, in relevant part, that a claimant who, for the purpose of obtaining workers' compensation benefits or influencing any determination relative thereto, knowingly makes a false statement or representation as to a material fact shall be disqualified [*2]from receiving any compensation directly attributable to such false statement or misrepresentation" (Matter of Nappi v Verizon N.Y., 205 AD3d 1181, 1182 [3d Dept 2022] [internal quotation marks, ellipsis and citations omitted]; see Matter of Reyes v H & L Iron Works Corp., 203 AD3d 1426, 1426-1427 [3d Dept 2022]; Matter of Young v Acranom Masonary Inc., 193 AD3d 1315, 1316 [3d Dept 2021]). Whether a claimant has violated the statute lies "within the province of the Board, which is the sole arbiter of witness credibility, and its decision will not be disturbed if supported by substantial evidence" (Matter of Ali v New York City Dept. of Corr., 205 AD3d 1247, 1249 [3d Dept 2022] [internal quotation marks and citations omitted]; accord Matter of Nappi v Verizon N.Y., 205 AD3d at 1183]). "In addition to imposing the mandatory penalty, i.e., rescinding the workers' compensation benefits already paid, the Board is vested with the authority — as an exercise of its discretion — to disqualify a claimant from receiving any future benefits" (Matter of Nappi v Verizon N.Y., 205 AD3d at 1183 [citation omitted]; see Matter of Barros v John P. Picone, Inc., 188 AD3d 1397, 1398-1399 [3d Dept 2020]). The imposition of such discretionary penalty "typically is reserved for situations where the underlying deception has been deemed egregious or severe, or there was a lack of mitigating circumstances" (Matter of Nappi v Verizon N.Y., 188 AD3d at 1184 [internal quotation marks and citations omitted]; see Matter of Dunleavy v Federated Fire Protection [Turner Constr.], 192 AD3d 1303, 1306 [3d Dept 2021]). Judicial review of the penalty imposed "is limited to whether the penalty constitutes an abuse of discretion as a matter of law and, as such, a penalty must be upheld unless it is so disproportionate to the offense as to be shocking to one's sense of fairness, thus constituting an abuse of discretion as a matter of law" (Matter of Barros v John P. Picone, Inc., 188 AD3d at 1400 [internal quotation marks, ellipses and citations omitted]; see Matter of Young v Acranom Masonary Inc., 193 AD3d at 1317).
Claimant does not challenge the Board's finding that his failure to disclose his publishing activities constituted a violation of Workers' Compensation Law § 114-a and, therefore, our inquiry distills to whether the Board erred with respect to the duration of the mandatory penalty and, further, whether it abused its discretion in failing to impose a discretionary penalty. As noted previously, the Board imposed a mandatory penalty (no compensable lost time) from June 1, 2018 (the date of the first postaccident publication) to September 16, 2020 (the date of the underlying hearing). The carrier takes issue with the duration of such penalty, arguing that, in order to publish a novel in June 2018, claimant necessarily had to be working on such novel both before and after his October 2017 work-related accident. Hence, the carrier contends, the starting date for the mandatory penalty [*3]should be the day following claimant's accident (October 20, 2017). Similarly, the carrier asserts that the mandatory penalty should be expanded to include the period from September 16, 2020 to November 20, 2020, thereby encompassing all prior indemnity awards, because the reputational benefits that claimant derived from his status as an author continued after his activities were disclosed at the September 2020 hearing.
As claimant and the Board point out, the record is bereft of proof that claimant engaged in any writing or publishing activities between the date of his accident in October 2017 and the publication of the subject novel in June 2018. The carrier did not pose any questions to claimant in this regard at the relevant hearing, and the record does not otherwise support the carrier's contention that claimant was working on this or any other novel during the period at issue. Similarly, the carrier's assertion that claimant derived some goodwill or other benefit between September 16, 2020 and November 20, 2020 is entirely speculative. Simply put, the Board was required to disqualify claimant "from receiving any compensation directly attributable to [his] false statement or representation" (Workers' Compensation Law § 114-a [1]), i.e., his failure to disclose his publishing activities, and inasmuch as the Board's selection of starting and ending dates for the mandatory penalty are supported by substantial evidence in the record as a whole, such finding will not be disturbed (see Matter of Barros v John P. Picone, Inc., 188 AD3d at 1400).
As to the Board's decision not to impose a discretionary penalty, there is no question that claimant failed to disclose his publishing and related marketing activities. That said, the record reflects that claimant made no effort to affirmatively disguise his writing and publishing endeavors, such as adopting a pen name, and "was readily forthcoming about [his] activities when questioned" (Matter of Conliffe v Darden Rest., 187 AD3d 1398, 1401 [3d Dept 2020]). Upon considering all of the relevant circumstances, we cannot say that "the Board's leniency in this regard . . . constitute[d] an abuse of discretion as a matter of law" (Matter of Dunleavy v Federated Fire Protection [Turner Constr.], 192 AD3d at 1306; see generally Matter of Restrepo v Plaza Motors of Brooklyn Inc., 181 AD3d 1108, 1111 [3d Dept 2020]) and, therefore, its decision will not be disturbed. The carrier's remaining contentions, including its assertion that the Board erred in calculating the overall credit due to the carrier, are either unpreserved for our review or have been examined and found to be lacking in merit.
Egan Jr., J.P., Pritzker, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the decision and amended decision are affirmed, with costs to claimant.