Matter of Newman v Project Renewal, Inc. (2023 NY Slip Op 06421)

Matter of Newman v Project Renewal, Inc.

2023 NY Slip Op 06421

Decided on December 14, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 14, 2023

536034 CV-22-2074
[*1]In the Matter of the Claim of Hillary Newman, Appellant,
v
Project Renewal, Inc., et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:November 15, 2023

Before:Lynch, J.P., Pritzker, Reynolds Fitzgerald, McShan and Powers, JJ.

Schotter Millican, LLP, Brooklyn (Geoffrey Schotter of counsel), for appellant.
David F. Wertheim, State Insurance Fund, Manlius (Susan B. Marris of counsel), for Project Renewal, Inc. and another, respondents.

Powers, J.
Appeals (1) from a decision of the Workers' Compensation Board, filed February 3, 2022, which ruled, among other things, that claimant violated Workers' Compensation Law § 114-a, and (2) from an amended decision of said Board, filed November 7, 2022, which revised its prior decision.
Claimant established a workers' compensation claim for injuries to her neck, back, right shoulder and left shoulder sustained during her employment as a resident aide at a men's shelter on May 11, 2016. Thereafter, claimant reported to her treating physician that, on September 12, 2017, she fell down stairs and sustained injuries to her left side, which information, including with whom claimant treated, the physician noted in his October 20, 2017 medical report that was filed with the Workers' Compensation Board no later than June 11, 2018. Thereafter, in connection with an April 27, 2018 independent medical examination (hereinafter IME) conducted by Jeffrey Salkin, claimant filled out a questionnaire regarding her injuries and medical history. In response to a question asking if she had any subsequent injuries, claimant checked "No." Claimant was also evaluated on May 30, 2019 in another IME conducted by Jeffrey Guttman and, although the medical notes indicate that claimant filled out a questionnaire, no questionnaire was attached to that medical report. Following deposition testimony from Guttman and claimant's treating physician, claimant was found to have a permanent partial disability.
In December 2020, the issue of an intervening accident was raised by the State Insurance Fund, which also subsequently raised a Workers' Compensation Law § 114-a violation. At an April 9, 2021 hearing, claimant testified about her intervening accident, acknowledging that she injured, among other body parts, her back and left shoulder and that she had filed a lawsuit in connection therewith.
Although claimant was subsequently classified with a 45% loss of wage-earning capacity as a result of her established injuries and received indemnity benefits, the Workers' Compensation Law Judge (hereinafter WCLJ) ultimately found that claimant violated Workers' Compensation Law § 114-a by failing to disclose the intervening accident to either of the independent medical examiners and imposed a mandatory penalty from April 27, 2018 to April 9, 2021 and a discretionary penalty disqualifying claimant from all future workers' compensation benefits. By decision filed February 3, 2022, the Board affirmed the WCLJ's decision. Thereafter, the Board issued an amended decision, filed November 7, 2022, which superseded its prior decision and modified the WCLJ's decision by finding that claimant violated Workers' Compensation Law § 114-a based solely on her denial of subsequent injuries in the questionnaire completed at the April 27, 2018 IME, clarified its rationale for the mandatory penalty imposed and rescinded the discretionary penalty of disqualification from all future wage replacement benefits. Claimant [*2]appeals from both Board decisions.[FN1]
"A claimant who, for the purpose of obtaining workers' compensation benefits, knowingly makes a false statement or representation as to a material fact shall be disqualified from receiving any compensation directly attributable to such false statement or representation" (Matter of Updike v Synthes, 217 AD3d 1045, 1046 [3d Dept 2023] [internal quotation marks and citations omitted]; see Workers' Compensation Law § 114-a [1]). "A fact will be deemed material so long as it is significant or essential to the issue or matter at hand, and an omission of material information may constitute a knowing false statement or misrepresentation" (Matter of Nappi v Verizon N.Y., 205 AD3d 1181, 1182 [3d Dept 2022] [internal quotation marks and citations omitted]; accord Matter of Kennedy v 3rd Track Constructors, 213 AD3d 1005, 1008-1009 [3d Dept 2023]). Further, the Board is vested with the authority of determining whether a claimant has violated Workers' Compensation Law § 114-a, and its decision, so long as supported by substantial evidence, will not be disturbed (see Matter of Updike v Synthes, 217 AD3d at 1046; Matter of Koratzanis v U.S. Concrete, Inc., 209 AD3d 1075, 1076-1077 [3d Dept 2022]; Matter of Sidiropoulos v Nassau Intercounty Express, 178 AD3d 1266, 1267 [3d Dept 2019]).
There is no dispute that claimant had an intervening accident on September 12, 2017, which she failed to disclose in the questionnaire at the April 27, 2018 IME by Salkin. Although she disclosed the intervening accident to her treating physician, which he documented, along with the names of the physicians with whom she treated, in an October 20, 2017 medical report, this medical report was not in claimant's Board file until June 11, 2018. As such, that information regarding the intervening accident was not available for review by Salkin at the time he examined claimant on April 27, 2018. Although claimant contends that she never intended to hide the intervening accident during the April 27, 2018 IME as she had already disclosed such information to her treating physician, this created a credibility issue for the Board to resolve (see Matter of Ortiz v Calvin Maintenance, 199 AD3d 1211, 1213 [3d Dept 2021]). In view of the foregoing, substantial evidence supports the Board's finding that she knowingly misrepresented a material fact in violation of Workers' Compensation Law § 114-a (see Matter of Nappi v Verizon N.Y., 205 AD3d at 1183-1184; Matter of Ortiz v Calvin Maintenance, 199 AD3d at 1212-1213).
Claimant next challenges the duration of the mandatory penalty imposed. The Board imposed a mandatory penalty from April 27, 2018 (the date claimant did not disclose the intervening accident on the IME questionnaire) to April 9, 2021 (the date of the underlying hearing). The Board expressly found, however, that the Workers' Compensation Law § 114-a violation related solely to the nondisclosure of the intervening incident on the April 27, 2018 IME questionnaire [*3]and that there was no evidence that claimant continued to affirmatively deny the existence of the intervening accident. Further, the Board found it significant that claimant reported the incident to her treating physician, who documented the details and the doctors with whom she treated in the October 20, 2017 medical report that was filed with the Board and available to the carrier at least as of June 2018 and which was reviewed by Guttman in connection with his IME of claimant. The Board also noted that, despite the information about the intervening accident being available at least as early as June 2018, the State Insurance Fund did not question claimant about the incident until the April 9, 2021 hearing, despite the opportunity to do so at numerous prior hearings at which claimant was present. Given these specific findings by the Board, we agree with claimant that substantial evidence does not support the Board's determination that the mandatory penalty should extend until she testified at the April 9, 2021 hearing (see generally Matter of Koratzanis v U.S. Concrete, Inc., 209 AD3d at 1078; Matter of Giglia v SUNY Buffalo-Union, 204 AD3d 1287, 1289 [3d Dept 2022]; Matter of Barros v John P. Picone, Inc., 188 AD3d 1397, 1400 [3d Dept 2020]). Rather, based upon the Board's findings, the period of time "directly attributable" to claimant's receipt of benefits due to her violation of Workers' Compensation Law § 114-a for purposes of the mandatory penalty should be modified to extend only until the time that the October 20, 2017 medical report containing the information about the intervening accident was filed with the Board on June 11, 2018 (Workers' Compensation Law § 114-a [1]; see Matter of Giglia v SUNY Buffalo-Union, 204 AD3d at 1289).
Lynch, J.P., Pritzker, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the appeal from the decision filed February 3, 2022 is dismissed, as moot, without costs.
ORDERED that the amended decision filed November 7, 2022 is modified, without costs, by reversing so much thereof as directed the recission of benefits received by claimant until April 9, 2021; benefits are rescinded from April 27, 2018 to June 11, 2018; and, as so modified, affirmed.

Footnotes

Footnote 1: As the Board's November 7, 2022 decision superseded the Board's February 3, 2022 decision, the appeal from the February 3 decision is moot and must be dismissed (see Matter of McCrea v City of Buffalo, 209 AD3d 1253, 1253-1254 [3d Dept 2022]; Matter of Hogan v CBS Tel. Stas., 205 AD3d 1269, 1270 n 2 [3d Dept 2022], lv denied 39 NY3d 911 [2023]).