Matter of Deliso v New York City Tr. Auth. (2024 NY Slip Op 01359)

Matter of Deliso v New York City Tr. Auth.

2024 NY Slip Op 01359

Decided on March 14, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 14, 2024

CV-22-2032
[*1]In the Matter of the Claim of John Deliso, Appellant,
v
New York City Transit Authority, Respondent. Workers' Compensation Board, Respondent.

Calendar Date:February 21, 2024

Before:Clark, J.P., Lynch, Reynolds Fitzgerald, Ceresia and Powers, JJ.

McIntyre, Donohue, Accardi, Salmonson & Riordan, LLP, Bay Shore (John F. Clennan, Ronkonkoma, of counsel), for appellant.
Weiss, Wexler & Wornow, PC, New York City (J. Evan Perigoe of counsel), for New York City Transit Authority, respondent.

Ceresia, J.
Appeals (1) from a decision of the Workers' Compensation Board, filed October 21, 2022, which ruled that claimant violated Workers' Compensation Law § 114-a and disqualified him from receiving future indemnity benefits, and (2) from a decision of said Board, filed December 29, 2022, which denied claimant's application for reconsideration and/or full Board review.
In January 2020, claimant, a maintenance supervisor tasked with regularly using various hand tools and a computer keyboard over the course of his 28-year career, filed an occupational disease claim for workers' compensation benefits alleging that he sustained work-related injuries arising out of the repetitive use of his hands, wrists and shoulders. The claim was thereafter established for bilateral carpal tunnel syndrome and repetitive stress injuries to both wrists and shoulders, with a date of disablement of December 20, 2019, and no compensable lost time was found. Claimant was evaluated for permanency in July 2021 by Christopher Kyriakides, his treating physician, who found permanent impairment. Thereafter, at a November 2021 permanency hearing, the employer made an allegation that claimant had violated Workers' Compensation Law § 114-a. In so doing, the employer objected to the findings of Kyriakides and disclosed the existence, and its possession, of surveillance videos — which it alleged contradicted the range of motion and schedule loss of use (hereinafter SLU) findings made by Kyriakides. A hearing ensued, and, after reviewing the relevant testimony, surveillance videos provided by the employer, and two permanency reports which included an independent medical examination, a Workers' Compensation Law Judge (hereinafter WCLJ) found that claimant made material misrepresentations regarding his functional abilities during his permanency evaluations, thereby violating Workers' Compensation Law § 114-a. As to penalty, the WCLJ found that the mandatory penalty did not apply because there was no compensable lost time but imposed a discretionary penalty. Upon administrative review, the Workers' Compensation Board affirmed by adopting the findings and conclusions of the WCLJ. Claimant's subsequent application for reconsideration and/or full Board review was unsuccessful. These appeals ensued.
We affirm. "Workers' Compensation Law § 114-a (1) provides, in relevant part, that a claimant who, for the purpose of obtaining workers' compensation benefits or influencing any determination relative thereto, knowingly makes a false statement or representation as to a material fact shall be disqualified from receiving any compensation directly attributable to such false statement or representation" (Matter of Koratzanis v U.S. Concrete, Inc., 209 AD3d 1075, 1076 [3d Dept 2022] [internal quotation marks and citations omitted]; see Matter of Losurdo v Asbestos Free, 1 NY3d 258, 265 [2003]; Matter of Belfiore v Penske Logistics LLC, 209 AD3d 1095, 1096 [3d Dept 2022]; Matter of Arena v Upstate Niagara [*2]Coop. Inc., 208 AD3d 1400, 1401 [3d Dept 2022]). "A fact will be deemed material so long as it is significant or essential to the issue or matter at hand, and an omission of material information may constitute a knowing false statement or misrepresentation" (Matter of Nappi v Verizon N.Y., 205 AD3d 1181, 1182 [3d Dept 2022] [internal quotation marks and citations omitted]; see Matter of Peck v Donaldson Org., 191 AD3d 1078, 1079 [3d Dept 2021]). "Notably, feigning the extent of a disability or exaggerating symptoms and/or injuries have been found to constitute material false representations within the meaning of the statute" (Matter of Peck v Donaldson Org., 191 AD3d at 1079 [citations omitted]; accord Matter of Arena v Upstate Niagara Coop. Inc., 208 AD3d at 1401). "Whether a claimant has violated the statute lies within the province of the Board, which is the sole arbiter of witness credibility, and its decision will not be disturbed if supported by substantial evidence" (Matter of Koratzanis v U.S. Concrete, Inc., 209 AD3d at 1076-1077 [internal quotation marks and citations omitted]; see Matter of Updike v Synthes, 217 AD3d 1045, 1046 [3d Dept 2023]; Matter of Barros v John P. Picone, Inc., 188 AD3d 1397, 1399 [3d Dept 2020]).
Kyriakides opined in July 2021 that claimant had reached maximum medical improvement and, based upon range of motion deficits, sustained a 47.5% SLU of his left hand, a 30% SLU of his right hand, a 30% SLU of his left arm and a 40% SLU of his right arm. In contrast, Sean Lager, the physician retained by the employer who in February 2022 conducted an independent medical examination of claimant for permanency, found that, although claimant had reached maximum medical improvement, he did not have carpel tunnel syndrome or any functional impairment of the wrists or shoulders (arms) and that claimant appeared to be exhibiting symptom magnification and was not interested in surgery. The employer presented video surveillance of claimant taken on four different days between October 9, 2021 and October 17, 2021 — a period of time subsequent to claimant's evaluation for permanency by Kyriakides.[FN1] The surveillance videos depict claimant engaged in, among other things, a variety of gardening activities with both hands, including carrying and lifting small items such as a bag of trash and a flower pot. Claimant can also be seen — without any sign or display of discomfort or injury — lifting and keeping both hands and arms above his shoulders at one point for approximately 45 seconds while fixing an outdoor Halloween decoration. He was also observed talking on his cellular phone and entering, exiting and operating his motor vehicle. At the hearing, claimant testified that he can sometimes lift his arms overhead at or above shoulder level depending upon the weather and his levels of pain from day to day. He conceded that, on holidays, he decorates his home with decorations and lights, each of which require that he sometimes use his arms [*3]in an overhead manner. Upon reviewing the record before us, including the medical evidence, claimant's testimony and the surveillance videos, we find that there is substantial evidence to support the Board's conclusion that claimant made material misrepresentations during his permanency examinations regarding his actual functional abilities for the purpose of influencing his workers' compensation claim and, in so doing, violated Workers' Compensation Law § 114-a (see Workers' Compensation Law § 114-a [1]; Matter of Arena v Upstate Niagara Coop. Inc., 208 AD3d at 1402-1403; Matter of Ringelberg v John Mills Elec., Inc., 195 AD3d 1332, 1334-1335 [3d Dept 2021]; Matter of Peck v Donaldson Org., 191 AD3d at 1079-1081).
We also uphold the Board's disqualification of claimant from receiving future wage replacement benefits. "In addition to imposing the mandatory penalty, i.e., rescinding the workers' compensation benefits already paid, the Board is vested with the authority — as an exercise of its discretion — to disqualify a claimant from receiving any future benefits" (Matter of Nappi v Verizon N.Y., 205 AD3d at 1183 [citations omitted]). "The imposition of such discretionary penalty typically is reserved for situations where the underlying deception has been deemed egregious or severe, or there was a lack of mitigating circumstances" (Matter of Koratzanis v U.S. Concrete, Inc., 209 AD3d at 1077 [internal quotation marks and citations omitted]). "Judicial review of the penalty imposed is limited to whether the penalty constitutes an abuse of discretion as a matter of law and, as such, a penalty must be upheld unless it is so disproportionate to the offense as to be shocking to one's sense of fairness, thus constituting an abuse of discretion as a matter of law" (id. [internal quotation marks and citations omitted]). The Board explained the basis for imposing such penalty as "claimant's egregious misrepresentation [of his abilities] to the medical providers, which [wa]s wholly inconsistent with his actual functional abilities." Inasmuch as the record supports the Board's finding that such misrepresentations were egregious and severe enough to warrant disqualification, we decline to disturb it (see Matter of Ali v New York City Dept. of Corr., 205 AD3d 1247, 1250 [3d Dept 2022]; Matter of Peck v Donaldson Org., 191 AD3d at 1081; compare Matter of Spinelli v Cricket Val. Energy Ctr., 206 AD3d 1427, 1428 [3d Dept 2022]).
"Finally, as claimant's brief makes only a passing reference to the denial of his . . . application[ ] for reconsideration and/or full Board review, without further substantive arguments," his challenge to the Board's December 29, 2022 decision is deemed abandoned (Matter of Puccio v Absolute Chimney & Home Improvement, LLC, 222 AD3d 1060, 1064 [3d Dept 2023]). Claimant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Clark, J.P., Lynch, Reynolds Fitzgerald and Powers[*4], JJ., concur.
ORDERED that the decisions are affirmed, with costs.

Footnotes

Footnote 1: Neither physician who evaluated claimant for permanency reviewed the surveillance videos prior to rendering their opinions on permanency or at any point thereafter (see Matter of Arena v Upstate Niagara Coop. Inc., 208 AD3d at 1402 n).