Matter of Belcher v Dominican Vil. Inc. (2026 NY Slip Op 00950)

Matter of Belcher v Dominican Vil. Inc.

2026 NY Slip Op 00950

Decided on February 19, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 19, 2026

CV-24-1475
[*1]In the Matter of the Claim of Albert Belcher, Appellant,
vDominican Village Inc. et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:January 9, 2026

Before:Clark, J.P., Pritzker, McShan, Powers and Corcoran, JJ.

Savino & Smollar PC, New York City (Brett Aurrichio of counsel), for appellant.
Stewart Greenblatt Manning & Baez, Syosset (Nicole A. Suissa of counsel), for Dominican Village Inc. and another, respondents.

Clark, J.P.
Appeal from a decision of the Workers' Compensation Board, filed July 30, 2024, which ruled, among other things, that claimant violated Workers' Compensation Law § 114-a.
Claimant, a security director, sustained a work-related injury to his lower back stemming from a June 2022 work-related accident. Claimant continued to work for the employer following the accident, albeit with certain restrictions and accommodations. In November 2022, after the employer denied his request for an additional reduction in his work schedule, claimant submitted a letter to the employer indicating his intent to retire in December 2022. Following the establishment of the workers' compensation claim, the employer and its workers' compensation insurance carrier (hereinafter collectively referred to as the carrier) raised issues of unrelated retirement and voluntary withdrawal from the labor market. At the ensuing hearing on these issues and claimant's claim for indemnity benefits, the carrier raised a Workers' Compensation Law § 114-a violation based upon claimant's testimony regarding his work activity related to his private investigation business, which work activity was not disclosed during any of his medical examinations. At the conclusion of the hearings, the Workers' Compensation Law Judge (hereinafter WCLJ) ruled that claimant violated Workers' Compensation Law § 114-a by knowingly making a material misrepresentation as to his disability by failing to inform his treating orthopedic surgeon or the carrier's medical examiner during an independent medical examination about his work status following his retirement. The WCLJ imposed the mandatory penalty, as well as the discretionary penalty of permanent disqualification from indemnity benefits, finding the material misrepresentation regarding his work status and disability to be egregious. Upon administrative appeal, the Workers' Compensation Board affirmed. Claimant appeals.
"Workers' Compensation Law § 114-a (1) provides, in relevant part, that a claimant who, for the purpose of obtaining workers' compensation benefits or influencing any determination relative thereto, knowingly makes a false statement or representation as to a material fact shall be disqualified from receiving any compensation directly attributable to such false statement or representation" (Matter of Nappi v Verizon N.Y., 205 AD3d 1181, 1182 [3d Dept 2022] [internal quotation marks, ellipsis and citations omitted]; accord Matter of Linane v Gristede's Food Inc., 231 AD3d 1219, 1220 [3d Dept 2024]). A material fact is one that "is significant or essential to the issue or matter at hand, and an omission of material information may constitute a knowing false statement or misrepresentation" (Matter of Brown v Van Liner Ins. Co., 227 AD3d 1331, 1335 [3d Dept 2024] [internal quotation marks and citations omitted]; see Matter of Linane v Gristede's Food Inc., 231 AD3d at 1220). "Whether a claimant has violated the statute lies within the province of the [*2]Board, which is the sole arbiter of witness credibility, and its decision will not be disturbed if supported by substantial evidence" (Matter of Koratzanis v U.S. Concrete, Inc., 209 AD3d 1075, 1076-1077 [3d Dept 2022] [internal quotation marks and citations omitted]; accord Matter of Yolas v New York City Tr. Auth., 224 AD3d 1112, 1113 [3d Dept 2024]).
Contrary to claimant's contention, the record supports the Board's finding that claimant violated Workers' Compensation Law § 114-a by failing to disclose to either his treating orthopedic surgeon or the carrier's medical examiner that he had performed work following his retirement. In that regard, claimant's orthopedic surgeon opined in multiple medical reports that claimant was totally temporarily disabled, specifically noting that claimant had not returned to work. The orthopedic surgeon testified that information regarding claimant's work activities would have impacted her opinion as to claimant's degree of disability. Further, the carrier's medical examiner, who opined that claimant had a mild degree of disability, noted that, "per . . . claimant," claimant has been out of work since December 2022. The Board discredited claimant's self-serving testimony that counsel advised him that he could return to work, as there was no indication that counsel advised that such information regarding his work activities did not need to be disclosed during his medical examinations. In view of the foregoing, the Board's determination that claimant violated Workers' Compensation Law § 114-a by making a material misrepresentation of failing to disclose his work status, which was material in assessing claimant's degree of disability, is supported by substantial evidence (see Matter of Yolas v New York City Tr. Auth., 224 AD3d at 1114-1115; Matter of Giglia v SUNY Buffalo-Union, 204 AD3d 1287, 1288-1289 [3d Dept 2022]; Matter of Young v Acranom Masonary Inc., 193 AD3d 1315, 1317 [3d Dept 2021]).
Turning to claimant's challenge to the imposition of a discretionary penalty, we agree with claimant that the imposition of permanently precluding him from receiving future wage replacement benefits is disproportionate to the offense. "[I]t is well settled that judicial review of an administrative penalty is limited to whether the penalty constitutes an abuse of discretion as a matter of law and, as such, a penalty must be upheld unless it is so disproportionate to the offense as to be shocking to one's sense of fairness, thus constituting an abuse of discretion as a matter of law" (Matter of Alzate v Quality Bldg. Servs. Corp., 238 AD3d 1437, 1440 [3d Dept 2025] [internal quotation marks and citations omitted], lv denied 44 NY3d 910 [2026]; see Matter of Losurdo v Asbestos Free, 1 NY3d 258, 267 [2003]). A discretionary penalty of permanent disqualification is typically reserved for situations where "the underlying deception has been deemed egregious or severe, or there was a lack of mitigating circumstances" (Matter of [*3]Conliffe v Darden Rest., 187 AD3d 1398, 1401 [3d Dept 2020] [internal quotation marks and citations omitted]; accord Matter of Kennedy v 3rd Track Constructors, 213 AD3d 1005, 1009 [3d Dept 2023]).
Here, although claimant failed to disclose his work activities during his medical examinations, the record establishes that he disclosed his work activities in connection with his private investigation business, of his own accord, to the Board. He also disclosed such activities during the hearing and prior to any awards being made. Further, claimant forthrightly answered questions during his testimony regarding his private investigation work, introduced evidence of his search for other employment following his retirement and complied with the WCLJ's directive to submit his 2022 business tax returns. Our review of the record, as well as our review of other matters involving similar circumstances, leads us to conclude that there is inadequate support for the Board's determination that claimant's acts were "sufficiently egregious" to warrant the onerous penalty of total disqualification from future wage loss benefits (see Matter of Kennedy v 3rd Track Constructors, 213 AD3d at 1009; Matter of Conliffe v Darden Rest., 187 AD3d at 1401; compare Matter of DeBryne v Pittsford Mercury, Inc., 236 AD3d 1165, 1166-1167 [3d Dept 2025], and Matter of Koratzanis v U.S. Concrete, Inc., 209 AD3d at 1078 [no effort to affirmatively disguise his writing and publishing endeavors, such as adopting a pen name, and was readily forthcoming about his activities when questioned], and Matter of Sausto v Wildlife Conservation Socy., 208 AD3d 1565, 1567-1568 [3d Dept 2022] [record supported the Board's finding that a discretionary penalty was not warranted as claimant disclosed the existence of his business and the income derived therefrom and, when questioned, he was forthcoming and testified consistent with the conclusions reached in the carrier's investigative report], with Matter of Tirado v Symphony Space, Inc., 236 AD3d 1250, 1253-1254 [3d Dept 2025] [surveillance videos recorded over three years], and Matter of Carpenter v Albany Dialysis Ctr., 235 AD3d 1048, 1051 [3d Dept 2025] [misrepresentation to physician as to disability and wholly inconsistent surveillance video], and Matter of Giesselmann v Rotterdam Steel, LLC, 233 AD3d 1243, 1245-1246 [3d Dept 2024] [misrepresentation uncovered by surveillance video], and Matter of Deliso v New York City Tr. Auth., 225 AD3d 1010, 1012-1013 [3d Dept 2024] [misrepresentation uncovered by surveillance video], and Matter of Yolas v New York City Tr. Auth., 224 AD3d at 1115 [downplayed activities and provided misleading testimony], and Matter of Rodriguez v American Bridge Co., 213 AD3d 1118, 1121-1122 [3d Dept 2023] [false testimony, eventual disclosure but remained vague and deceptive], and Matter of Koratzanis v U.S. Concrete, Inc., 209 AD3d at 1078 [repeated denials of prior injuries, including while testifying under oath], and Matter [*4]of Arena v Upstate Niagara Coop. Inc., 208 AD3d 1400, 1401-1403 [3d Dept 2022] [inconsistencies between claimant's testimony and the activities depicted on the surveillance videos], and Matter of Strohschein v Safespan Platform Sys. Inc., 207 AD3d 818, 822 [3d Dept 2022] [misrepresented and exaggerated his physical limitations as depicted on surveillance video], lv denied 39 NY3d 915 [2023], and Matter of Ali v New York City Dept. of Corr., 205 AD3d 1247, 1250 [3d Dept 2022] [lack of candor regarding prior injuries], and Matter of Nappi v Verizon New York, 205 AD3d at 1184 [lack of candor regarding prior injuries], and Matter of Giglia v SUNY Buffalo-Union, 204 AD3d at 1289[failure to report his work activity was " 'ongoing and egregious' " in that it resulted in awards being paid at a higher rate], and Matter of Reyes v H & L Iron Works Corp., 203 AD3d 1426, 1427-1428 [3d Dept 2022] [surveillance video of the claimant working and lifting], and Matter of Ortiz v Calvin Maintenance, 199 AD3d 1211, 1213-1214 [3d Dept 2021] [nondisclosure of prior injury], and Matter of Lopez v Clean Air Quality Servs. Inc., 198 AD3d 1038, 1039-1040 [3d Dept 2021] [failed to disclose prior accident and wife falsely testified about claimant's condition]; see also Employer: Northern Manhattan Nursing, 2021 WL 233079, *3 [WCB No. G281 2739, Jan. 20, 2021]; Employer: Ossining Sch. Dist., 2020 WL 4259461, *3, 2020 NY Wrk Comp LEXIS 8768, *5-7 [WCB No. 3070 8079, July 16, 2020]). As, under the circumstances, the imposition of the discretionary penalty is disproportionate to the misrepresentation, it is reversed.
Pritzker, McShan, Powers and Corcoran, JJ., concur.
ORDERED that the decision is modified, without costs, by reversing so much thereof as disqualified claimant from receiving all future wage replacement benefits, and, as so modified, affirmed.